UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TARGET CORPORATION,

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant.
                                           /

Case No. 06-13809

Honorable Nancy G. Edmunds

**ORDER (1) GRANTING PLAINTIFF'S MOTION FOR DECLARATORY JUDGMENT [14], AND (2) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [17]**

This matter comes before the Court on Plaintiff Target Corporation's motion for declaratory judgment pursuant to Fed. R. Civ. P. 56 and 57, filed on May 24, 2007. In addition to responding to this motion, Defendant Allstate Insurance Company made its own cross motion for summary judgment, which it filed on June 15, 2007.[1] Plaintiff filed the underlying case in an attempt to recover employee medical expenses that it paid after an automobile accident, claiming that Defendant was primarily liable for these expenses as the applicable first-party no-fault insurance carrier. In response, Defendant asserts that the doctrines of (1) accord and satisfaction, (2) release, and (3) res judicata defeat Plaintiff's claims and warrant a grant of judgment in Defendant's

---

[1]The Court notes, however, that Defendant's two pleadings are virtually identical, with the exception that its response to Plaintiff's motion for declaratory judgment contains several additional paragraphs on value and consideration in the context of an accord and satisfaction, that the subsequent motion for summary judgment did not include.

1

favor. For the reasons set forth below, the Court GRANTS Plaintiff's motion for declaratory judgment and DENIES Defendant's motion for summary judgment.

## I. FACTS

Plaintiff sponsored and administered an employee benefit plan known as the HealthCare Network Plan (the "Plan") which paid benefits to Julie Verge, one of its employees, as a result of injuries she suffered in an automobile accident on August 30, 2000. Plaintiff paid Verge $22,223.46 in benefits from the Plan, but claims that such coverage was secondary to any no-fault insurance that she would later be able to recover under. Defendant admits that its no-fault coverage carries primary responsibility for Verge's expenses that the Plan paid following her accident. (Pl.'s Mot. for Declaratory J. (hereinafter, "Pl.'s Mot.") at 1.) An entity named Healthcare Recoveries, Inc. works to collect amounts owed from other parties to the Plan, and was involved in attempting to recover the monies that Plaintiff paid to Verge from Defendant. (*Id.* at 2.)

At some point following the accident, Verge's estate sued Defendant in Michigan state court, which eventually resulted in a binding arbitration award in Verge's favor for $120,000. Defendant admits that Plaintiff, the Plan and Healthcare Recoveries were not a party to this case, nor were any of them directly involved in the arbitration proceedings. Still, employees of Healthcare Recoveries were in contact with Defendant throughout the arbitration, to see if it would issue a check directly to Healthcare Recoveries for the Verge expenses that the Plan paid, or, at a minimum, that Healthcare Recoveries would be listed as a payee on any check made payable to Verge. (*Id.*)

2

Despite the fact that it was not a party to the case or arbitration, counsel for Healthcare Recoveries attended the hearing where the state court judge approved the arbitration award. On the record, Healthcare Recoveries' attorney stated: "All I wanted to say, Your Honor, is that HR wants to put on the record that by no means is this an accord of satisfaction, a release or a settlement of HRI's claim [against Defendant] in this matter." (Aug. 11, 2005 Tr., Pl.'s Mot., Ex. F at 9.) After hearing further explanation of the situation from the parties, the judge noted: "I am not making a determination as to the legal rights and responsibilities of [Defendant] to . . . Healthcare Recoveries, nor am I indicating by virtue of approving that I am saying that Healthcare Recoveries' claim was included in this arbitration because I am not convinced based upon what is said that this is true." (*Id.* at 14.) Finally, Healthcare Recoveries' counsel confirmed later in the hearing that it signed the check from Defendant to Verge's estate representative solely as "a matter of accommodation . . . [and] no way in accord and satisfaction, settlement or release." (*Id.* at 18.) Plaintiff did not receive any funds from Defendant's settlement check, and now brings this declaratory judgment action seeking to compel payment by Defendant of the expenses that it paid on Verge's behalf following her accident. (Pl.'s Mot. at 3.)

## II. STANDARD OF REVIEW–MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate only when there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52

3

(1986). Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to the party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The non-moving party may not rest upon its mere allegations, however, but rather "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The mere existence of a scintilla of evidence in support of the non-moving party's position will not suffice. Rather, there must be evidence on which the jury could reasonably find for the non-moving party. *Hopson v. DaimlerChrysler Corp.*, 306 F.3d 427, 432 (6th Cir. 2002).

## III. ANALYSIS

Defendant argues that it has established three affirmative defenses as a matter of law that insulate it from liability on Plaintiff's claims: (1) accord and satisfaction, (2) release, and (3) res judicata. The Court will consider Defendant's assertions in turn.

### A. Accord and Satisfaction

Under Michigan's version of the Uniform Commercial Code, which Plaintiff does not dispute applies to this case, the threshold requirements for a party to establish an accord and satisfaction are: "(i) that person in good faith tendered an instrument to the

4

claimant as full satisfaction of the claim, (ii) the amount of the claim was unliquidated or subject to a bona fide dispute, and (iii) the claimant obtained payment of the instrument . . . ." Mich. Comp. Laws § 440.3311(1). On the facts of this case, Defendant has failed to plead the second element.

An "unliquidated claim" is defined as "[a] claim in which the liability of the party or the amount of the claim is in dispute." *Black's Law Dictionary* 240 (7th ed. 1999). *Accord, Hoerstman Gen'l Contracting, Inc. v. Hahn*, 711 N.W.2d 340, 347 (Mich. 2000) (quoting Black's Law Dictionary, 7th ed.). Defendant admits that it is liable to Plaintiff for the expenses Plaintiff paid, and nothing in Defendant's pleadings demonstrates that it disputes the dollar amount that Plaintiff claims. Thus, the Court concludes that Defendant has not established a valid defense of accord and satisfaction on this record.

**B. Release**

Next, Defendant argues that Plaintiff released any of its claims for reimbursement, and cites *Nottingham Partners v. Trans-Lux Corp.*, 925 F.2d 29, 32 (1st Cir. 1991) in support of this proposition. *Nottingham Partners* involved a state class action settlement whereby the plaintiffs, as members of the class, "purported to release all claims, by whomsoever brought, that 'have been, could have been, or in the future might have been asserted' against [the defendant] or its directors 'in connection with or that arise now or hereafter out of' any matters or transactions referred to in the complaint or the settlement documentation." *Id.* at 31. Thus, that case concerned a situation where the plaintiffs, who later sought further redress under federal law, had expressly released those claims by being included as members of the class in the preceding state court case. Defendant's pleadings in the instant case are devoid of any

5

evidence to establish the existence of such an express or implied agreement between it and Plaintiff to release Plaintiff's claim for the benefits it paid to Verge, so Defendant has no factual basis to support its position that release applies here.  Accordingly, Defendant's second affirmative defense fails to meet the threshold required to survive Plaintiff's motion for declaratory judgment.

### C. Res Judicata

Defendant's last defense is res judicata, which requires: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997).  It is true that Healthcare Recoveries was, in some sense, involved in the state court litigation between Verge's estate and Defendant by virtue of appearing on the record at the final settlement hearing and negotiating with Defendant regarding Plaintiff's potential interest in the arbitration award to Verge's estate.  Regardless, nothing indicates that Plaintiff was an actual *party* to that case, as required by the second element necessary to have a valid defense of res judicata, so Defendant's final claim in opposition to Plaintiff's motion for declaratory judgment must fail on this ground.

### D. No Double Recovery Will Result

In addition to the reasons why Defendant's legal arguments fail, the Court also wishes to make clear that granting declaratory judgment in Plaintiff's favor will not result in any form of double recovery or payment in this case.  At oral argument, Defendant confirmed that its dispute with Verge leading to the eventual $120,000 arbitration award

was related to her estate's lawsuit for unpaid personal injury protection ("PIP") benefits. The expenses that Plaintiff seeks to recover from Defendant in the instant matter, however, relate to medical expenses that Verge incurred immediately following the accident, so these are a different class of expenses than ongoing PIP benefits, and Defendant will not actually be paying twice by being found liable to Plaintiff here.

## IV. CONCLUSION

Being fully advised in the premises, having read the pleadings, and for the reasons set forth above, the Court hereby orders that Plaintiff's motion for declaratory judgment against Defendant in the amount of $22,223.46 is GRANTED and Defendant's motion for summary judgment is DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: August 7, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 7, 2007, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager